UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| MARCUS LAMONT CROCKER,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | MEMORANDUM DECISION<br>AND ORDER<br>DENYING MOTION TO VACATE,<br>SET ASIDE, OR CORRECT SENTENCE<br><br>Case No. 2:16-cv-681-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

## INTRODUCTION

Petitioner Marcus Crocker moves to vacate his conviction for using, carrying, or possessing a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c) on the ground that Hobbs Act robbery, of which he was also convicted, is not a crime of violence within the meaning of Section 924(c). The court denies the motion.

## I.

On March 4, 2008, Mr. Crocker was charged in a two-count felony information. *See United States v. Crocker*, 2:08-cr-122, Dkt. No. 1 (D. Utah Mar. 4, 2008). Count one charged him with Hobbs Act robbery under 18 U.S.C. § 1951(a). *See id.* at 1. The felony information alleged that Mr. Crocker:

> did take from an employee, against his will, at the Sunshine convenience store, located at 700 East 1845 South, Salt Lake City, Utah, by physical force and violence, threatened force and violence and fear of injury, U.S. currency, which belonged to and was in the care, custody, control, management and possession of the Sunshine convenience store, and by committing such robbery obstructed, delayed or affected commerce or the movement of articles or commodities in interstate commerce; all in violation of 18 U.S.C. § 1951(a).

*Id.* at 1–2. Count two charged Mr. Crocker with violating 18 U.S.C. § 924(c), alleging that he "did knowingly and intentionally use, carry, and discharge a . . . handgun" "during and in relation to the crime of violence of Hobbs Act Robbery." *Id.* at 2.

Mr. Crocker pleaded guilty to both counts. *Id.* Dkt. No. 9. Mr. Crocker admitted the following facts in his statement in advance of plea:

> On or about September 6, 2001, I along with another individual, drove to the Sunshine Market, located at 700 East 1845 South, Salt Lake City, Salt Lake County. I, along with two others, surveyed the Sunshine Market in order to rob the market. I was told that the cashier was the only one inside the market. The car I drove in was parked down the street from Sunshine Market.
>
> I entered the market carrying a .44 caliber Smith and Wesson handgun, and wearing a bandana, gloves, shirt, sweatshirt, and hat that was purchased earlier that day in order to conceal my identity. I approached the cashier, brandished my handgun and demanded money from the register. The cashier complied with my demands and handed me the cash in the register, less than $100.00.
>
> After receiving the money, and as I turned to leave, I shot the Clerk in the chest, killing him. As previously planned, I left the market and gave the revolver to another person to conceal it. I had been recently paroled from the Utah State Prison and did not want to be caught with a gun. The handgun was then returned to the person who originally provided me the handgun.
>
> I acknowledge the accuracy of a videotape recovered from the Sunshine Market which documents the victim Kang Ho Lee being shot after giving me the money from the register. I also acknowledge that I am [sic] person in the video, wearing clothing identical to the clothing described above, who robbed and shot Kang Ho Lee, at the Sunshine Market.
>
> I acknowledge that the cashier, Kang Ho Lee, died from the gun shot wound to his chest. I acknowledge that the Sunshine Market is a retail establishment which moves articles and commodities in interstate commerce.

*Id.* at 3–4. Mr. Crocker's statement in advance of plea listed the following elements of Hobbs Act Robbery:

> 1. The defendant knowingly obtained or attempted to obtain, property of another, from the person or presence of another; 2. The defendant took the property against the victim's will, by means of actual or threatened force or violence or fear of injury; resulting in the death of another; and 3. That as a result of defendants' actions, interstate commerce, or an item moving in interstate commerce, was delayed, obstructed or affected in any way or degree.

*Id.* at 1.

At his combined change of plea and sentencing hearing, Mr. Crocker orally admitted the facts of the crime as stated in the statement in advance of plea and pleaded guilty to both counts. *See United States v. Crocker*, 2:16-cv-681, Dkt. No. 19-1 at 15–18 (D. Utah June 23, 2016). The

court accepted Mr. Crocker's plea and sentenced him to life in prison. *See Crocker*, 2:08-cr-122, Dkt. No. 12 at 2.

In 2016, Mr. Crocker filed a motion for relief under 28 U.S.C. § 2255, which he amended in April 2020 and June 2020. *See Crocker*, 2:16-cv-681, Dkt. Nos. 1, 3, 4. The court stayed this action shortly after Mr. Crocker first filed his motion, and the stay remained in place until earlier this year. *See* Dkt. Nos. 11, 12, 15. The motion is now fully briefed and ready for decision.[1]

## II.

Mr. Crocker argues that the court should vacate his Section 924(c) conviction "because the Hobbs Act crime he admitted included *attempted robberies*, so it does not qualify categorically as a crime of violence under § 924(c)." Dkt. No. 18 at 3 (emphasis added). The court rejects this argument.

### A.

"The Hobbs Act makes it a federal crime to commit, attempt to commit, or conspire to commit a robbery with an interstate component." *United States v. Taylor*, 142 S. Ct. 2015, 2019 (2022); *see* 18 U.S.C. § 1951(a). Section 924(c) "authorizes further punishments for those who use a firearm in connection with a 'crime of violence.'" *Taylor*, 142 S. Ct. at 2019; 18 U.S.C. § 924(c).

Section 924(c) contains two definitions for "crime of violence." Under the "elements clause," a crime of violence is defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); *United States v. Baker*, 49 F.4th 1348, 1354 (10th Cir. 2022). Under the

---

[1] The court has determined that argument would not be helpful to deciding the motion. *See* DUCivR 7-1(g).

"residual clause," a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" is a crime of violence. 18 U.S.C. § 924(c)(3)(B). Because the Supreme Court has held that the "residual clause" is "unconstitutionally vague," *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), "a criminal conviction qualifies as a predicate 'crime of violence' . . . *only* if it meets the terms of . . . the 'elements clause.'" *Baker*, 49 F.4th at 1355.

To determine whether a felony qualifies as a crime of violence under the elements clause, courts apply the "categorical approach." *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060–61 (10th Cir. 2018). Under that approach, the court must look only "to the elements of the statutes of conviction and not to the particular facts underlying those convictions." *United States v. Titties*, 852 F.3d 1257, 1266 (10th Cir. 2017) (internal quotation marks omitted). The court then "compare[s] the scope of conduct covered by the predicate crime's elements with § 924(c)(3)(A)'s definition of 'crime of violence[,]' . . . presume[s] that an offender's conviction rested upon nothing more than the least of the acts criminalized, and then determine[s] whether even those acts are encompassed by § 924(c)(3)(A)." *Baker*, 49 F.4th at 1355 (cleaned up).

If a criminal statute is "divisible"—meaning the statute "list[s] elements in the alternative, and thereby define[s] multiple crimes"—courts apply the "modified categorical approach." *Mathis v. United States*, 579 U.S. 500, 505 (2016). "The modified categorical approach allows courts to consult certain documents—for example, the charging document, plea agreement, and transcript of the plea colloquy—to decide 'what crime, with what elements, a defendant was convicted of.'" *United States v. Eccleston*, 2022 WL 3696664, at *2 (10th Cir. Aug. 26, 2022) (quoting *Mathis*, 579 U.S. at 505–06).

In *Eccleston*, a recent unpublished opinion, the Tenth Circuit held that "the Hobbs Act is divisible into three robbery-based offenses: robbery, attempted robbery, and conspiracy to commit robbery . . . because these three crimes comprise different elements." *Id.* Regardless of whether this unpublished opinion constitutes binding precedent, the court agrees with its conclusion that the Hobbs Act is divisible in this manner.[2]

In *United States v. Taylor*, the Supreme Court recently held that *attempted* Hobbs Act robbery is not a crime of violence under the categorical approach. *See* 142 S. Ct. at 2025. The Court in *Taylor* did not, however, address "*completed* Hobbs Act robbery"—let alone disturb circuit precedent regarding that offense. *Baker*, 49 F.4th at 1360; *Taylor*, 142 S. Ct. at 2020.

In *Melgar-Cabrera*, by contrast, the Tenth Circuit held that *completed* "Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)." *Melgar-Cabrera*, 892 F.3d at 1060 n.4. And the Tenth Circuit has repeatedly reiterated—including after the Supreme Court's decision in *Taylor*—that *Melgar-Cabrera* establishes that completed Hobbs Act robbery is *categorically* a crime of violence. *See Baker*, 49 F.4th at 1357 n.4.

It follows that whether Mr. Crocker was convicted of a crime of violence turns on whether he was convicted of attempted Hobbs Act robbery or completed Hobbs Act robbery. The court must apply the modified categorical approach to answer this question.

---

[2] In *Baker*, the Tenth Circuit appears to have agreed with the petitioner's argument that "the Hobbs Act is divisible between robbery and extortion but Hobbs Act robbery is not further divisible." 49 F.4th at 1358 (cleaned up). But the argument there was simply that *completed* Hobbs Act robbery is not divisible into separate crimes simply because it can be committed by different means—for example by threats to property as opposed to threats to persons. *See id.* at 1357–58. The court in *Baker* did not address the issue decided in *Eccleston*—whether the Hobbs Act is divisible into separate offenses of completed robbery, attempted robbery, and conspiracy to commit robbery. And, certainly, nothing in *Baker* is inconsistent with the holding in *Eccleston* that the Hobbs Act is so divisible. To the contrary, the court in *Baker* expressly recognized the distinction between completed and attempted Hobbs Act robbery. *See* 49 F.4th at 1360.

**B.**

Having reviewed the felony information, the statement in advance of plea, and the transcript from Mr. Crocker's change of plea and sentencing hearing, the court concludes that Mr. Crocker was convicted of completed Hobbs Act robbery.

The elements for completed Hobbs Act robbery are "that the defendant engaged in the unlawful taking or obtaining of personal property from the person of another, against his will, by means of actual or threatened force." *Taylor*, 142 S. Ct. at 2020 (quoting 18 U.S.C. § 1951(b)) (cleaned up). By contrast, a defendant commits attempted Hobbs Act robbery if "(1) [t]he defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." *Id.* at 2020.

The statement in advance of plea listed the elements of Hobbs Act robbery as "[t]he defendant knowingly obtained or attempted to obtain, property of another, from the person or presence of another"; "[t]he defendant took the property against the victim's will, by means of actual or threatened force or violence or fear of injury"; and "[t]hat as a result of defendants' actions, interstate commerce . . . was delayed, obstructed or affected." *Crocker*, 2:08-cr-122, Dkt. No. 9 at 1. Mr. Crocker argues that because the first element listed in the statement in advance of plea included the phrase "attempted to obtain," the predicate offense for his Section 924(c) conviction "included both completed and attempted Hobbs Act robbery." *Crocker*, 2:16-cv-681, Dkt. No. 18 at 4–5.

In *Eccleston*, the Tenth Circuit rejected an analogous argument. There, the petitioner argued that he did not plead guilty to completed Hobbs Act robbery because both the charging document and the statement in advance of plea stated that he "did unlawfully obstruct, delay and affect, and *attempt* and *conspire* to obstruct" interstate commerce. *Eccleston*, 2022 WL 3696664, at *3 (internal quotation marks omitted). The Tenth Circuit rejected this argument, holding that

6

Mr. Eccleston was convicted of completed Hobbs Act robbery because "the *elements* he pleaded guilty to are those of completed robbery and not of attempted robbery." *Id.* Specifically, in the statement in advance of plea, "he admitted that he did unlawfully take and obtain personal property from the person . . . against her will by means of actual and threatened force, violence, and fear of injury." *Id.* (cleaned up). By contrast, "[h]e did not admit to . . . merely . . . taking a substantial step toward committing robbery (an element of attempt)." *Id.*

Much the same analysis applies here. First, Mr. Crocker ignores the second and third elements listed in the statement in advance of plea—that the "defendant *took* the property against the victim's will, by means of actual or threatened force or violence or fear of injury" and that his actions "delayed, obstructed or affected" interstate commerce—which clearly track the elements of completed Hobbs Act robbery under 18 U.S.C. § 1951(b)(1) and *Taylor*. Conversely, nothing in the statement in advance of plea, other than the single, alternative use of the phrase "attempted to obtain" on which Mr. Crocker relies, refers to any of the elements that the government would have had to prove to convict Mr. Crocker of attempted Hobbs Act robbery—namely, "intent[] to unlawfully take or obtain" and a "substantial step toward that end." The statement in advance of plea thus indicates that Mr. Crocker pleaded guilty to completed Hobbs Act robbery.

Second, Count I of the felony information charges that Mr. Crocker "did take from an employee, against his will . . . by physical force and violence, threatened force and violence and fear of injury, U.S. Currency, which belonged to . . . the Sunshine Convenience store, and by committing such robbery obstructed, delayed or affected . . . interstate commerce." *Crocker*, 2:08-cr-122, Dkt. No. 1 at 1. This language also tracks the elements of completed Hobbs Act robbery. The felony information is silent, however, regarding the elements of attempted Hobbs

7

Act robbery. The felony information thus shows that Mr. Crocker was charged with completed Hobbs Act robbery.

Finally, nothing in the transcript from Mr. Crocker's change of plea and sentencing hearing suggests that he was charged with and convicted of attempted Hobbs Act robbery. On the contrary, Mr. Crocker admitted the facts of the crime as set forth in the statement in advance of plea—namely, that he "approached the cashier," "demanded money from the register," and "[t]he cashier complied with [his] demands and handed [him] cash from the register." *Crocker*, 2:16-cv-681, Dkt. No. 19-1 at 16.

Because Mr. Crocker was convicted of completed Hobbs Act robbery, which is categorically a crime of violence under Section 924(c), the court rejects Mr. Crocker's argument that his conviction should be vacated because the Hobbs Act can be violated by attempted as well as completed robbery.

**III.**

Mr. Crocker also argues that Hobbs Act robbery is not a crime of violence under the elements clause of Section 924(c) because it "can be accomplished by using or threatening harm to intangible property, which does not require the use of any physical force," and, more broadly, "that a defendant can commit Hobbs Act robbery without using violent physical force" because "not all force applied against property is 'inherently violent.'" *Crocker*, 2:16-cv-681, Dkt. No. 18 at 5, 9–10. Both arguments were expressly rejected by the Tenth Circuit in *Baker* and thus require little analysis.

In *Baker*, the Tenth Circuit granted a certificate of appealability to address whether "[i]n light of the contention that Hobbs Act robbery can be accomplished by threatening injury to intangible property, was *United States v. Melgar-Cabrera* . . . wrongly decided because Hobbs Act robbery would not qualify as a crime of violence . . . categorically under § 924(c)(3)(A)."

8

*Baker*, 49 F.4th at 1353 (cleaned up). And Mr. Baker subsequently asked the court to expand the scope of the certificate to address the broader question "whether Hobbs Act robbery is not a crime of violence because the offenses . . . that underlie his § 924(c) convictions could have been committed by a threat to *any* property," which "can be made without the threat of violent force needed to satisfy [the elements clause]." *Id.* at 1356. Mr. Baker argued that *Melgar-Cabrera* did not consider these arguments and "merely rejected other arguments for why Hobbs Act robbery does not satisfy the [elements] clause." *Id.* (internal quotation marks omitted).

The Tenth Circuit rejected Mr. Baker's arguments, explaining that *Melgar-Cabrera* is dispositive of both issues because the conclusion in that case that Hobbs Act robbery is categorically a crime of violence under the elements clause necessarily means that "every act—including the least of the acts—criminalized by Hobbs Act robbery constitutes a crime of violence." *Id.* Holding that *Melgar-Cabrera* is "the law of this Circuit *regardless of what might have happened had other arguments been made to the panel that decided the issue first*," the court affirmed the dismissal of Mr. Baker's petition and denied his request to expand the certificate of appealability. *Baker*, 49 F.4th at 1358–60 (emphasis in *Baker*).[3]

In so concluding, the Tenth Circuit broke little new ground. Rather, it simply confirmed that it meant what it said in *Melgar-Cabrera*, which held that Hobbs Act robbery is categorically a crime of violence under Section 924(c)'s elements clause, *see* 892 F.3d at 1060 n.4, as well as in *United States v. Jefferson*, which stated that Hobbs Act robbery "necessarily entails the use or threatened use of *violent force against a person or property*." 989 F.3d 1173, 1175 n.1 (10th Cir.

---

[3] In denying Mr. Baker's request to expand the COA, the Tenth Circuit held that Mr. Baker had "fail[ed] to persuade [the court] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Baker*, 49 F.4th at 1360 (internal quotation marks omitted). It thus rejected the broader argument that Mr. Baker sought to make in that case, and which Mr. Crocker raises here.

9

2021) (emphasis in *Jefferson*). The Tenth Circuit also reaffirmed previous unpublished decisions repeatedly rejecting similar attempts to evade *Melgar-Cabrera*. *See Baker*, 49 F.4th at 1359, 1357 n.4, 1360 n.5 (citing *United States v. Hopkins*, 2022 WL 2610345, at *7 (10th Cir. July 8, 2022), *United States v. Toki*, 822 F. App'x 848, 853 (10th Cir. 2020), and *United States v. Dubarry*, 741 F. App'x 568, 570 (10th Cir. 2018)).

To be sure, Mr. Crocker expends great effort seeking to navigate around the numerous Tenth Circuit decisions that are at odds with his arguments. He would have the court wholly disregard decisions that did not expressly reject his precise arguments. And when the Tenth Circuit did address his precise arguments, Mr. Crocker would have the court disregard the Tenth Circuit's pronouncements as dicta or unpublished. Whatever force Mr. Crocker's arguments may have once had, they are now foreclosed by the published decision in *Baker*.

## IV.

This court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2255 Proceedings in the U.S. District Courts. Under 28 U.S.C § 2253, a Certificate of Appealability will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This standard requires "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). The court concludes that the issues raised by Mr. Crocker do not meet this standard.

\*   \*   \*

For the foregoing reasons, Mr. Crocker's motion under 28 U.S.C. § 2255 is **DENIED.** A Certificate of Appealability is also **DENIED**.

**IT IS SO ORDERED.**

                                        Dated this 31st day of October, 2022.

                                        BY THE COURT:

                                        *[signature]*
                                        Howard C. Nielson, Jr.
                                        United States District Judge